# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANET MESSIER, : | |
|     Plaintiff, : | |
| : | |
| vs. : | C.A. NO.: 1:22-cv-15 |
| : | |
| TARGET CORPORATION, alias : | |
|     Defendant. : | |

## NOTICE OF REMOVAL

**TO: The Chief Judge and Judges of the United States District Court for the District of Rhode Island**

The Defendant, Target Corporation ("Defendant"), hereby files this Notice of Removal of the above-captioned matter from the Kent County Superior Court, State of Rhode Island, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the United States Code. In support of its Notice of Removal, the Defendant states as follows:

## INTRODUCTION

1. The Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1)("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2.  The Plaintiff, Janet Messier ("Plaintiff"), filed a Complaint in the Kent County Superior Court on September 21, 2021, naming Target Corporation as the only Defendant. *See* Complaint (attached as *Exhibit A*).

3.  The Plaintiff alleges that, on October 5, 2018, she suffered a fall at the Defendant's retail store located at 1245 Bald Hill Road in Warwick, Rhode Island, as a result of the negligence of the Defendant. She alleges that she sustained personal injuries, suffered pain of the body and mind, incurred expenses for necessary medical care and treatment, suffered a loss of enjoyment of life and suffered a loss of earnings and/or earning capacity. *See Exhibit A*.

## TIMELINESS OF REMOVAL

4.  The Defendant was served with the Summons and Complaint on December 14, 2021. This Notice of Removal is timely because it is filed within thirty (30) days of the Defendant's receipt of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b)(2)(B) and (C); *Murphy Bros.v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## DIVERSITY OF CITIZENSHIP

5.  Complete diversity of citizenship exists because the Plaintiff and the Defendant are citizens of different states. 28 U.S.C. § 1332(a).

6.  The Plaintiff alleges in the Complaint that she is a resident of the Town of West Warwick, Rhode Island. Thus, for purposes of determining whether diversity jurisdiction exists, the Plaintiff is a citizen of Rhode Island.

7. The Defendant is a corporation organized under the laws of Minnesota with its principal place of business also located in Minnesota. Thus, for purposes of determining whether diversity jurisdiction exists, the Defendant is a citizen of Minnesota.

**AMOUNT IN CONTROVERSY**

8. Based on the Plaintiff's allegations, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

9. The Plaintiff claims that she sustained personal injuries, suffered pain of the body and mind, incurred expenses for necessary medical care and treatment, suffered a loss of enjoyment of life and suffered a loss of earnings and/or earning capacity. *Exhibit A* at ¶ 15.

10. Specifically, the Plaintiff has stated to representatives of the Defendant that she suffered a fracture of her right hip and an injury to her right knee, requiring hospitalization and surgery.  On or about December 12, 2018, representatives of the Defendant received from Equian a notice of a medical lean by Blue Cross Blue Shield ("BCBS") for medical expenses it paid on behalf of the Plaintiff for treatment for injuries allegedly suffered in the subject incident. Specifically, the Plaintiff incurred charges totaling $56,435.21 for medical treatment incurred only through October 7, 2018, the first two days after the incident. *See* Equian Lien Notice (attached as *Exhibit B*). The Plaintiff also stated to representatives of the Defendant that she had missed time from work after the incident.

11. Where the Plaintiff has not pled a specific amount of damages, the amount in controversy requirement is satisfied when the Defendant has shown by a

3

preponderance of the evidence that the amount in controversy exceeds $75,000 based on the seriousness of the Plaintiff's claimed injuries and damages. 28 U.S.C. § 1446(c)(2)(B). The Court is not bound by the Plaintiff's representations regarding her claim and may use its own judicial experience and common sense in making this determination and can make reasonable deductions and inferences from the pleadings to determine whether removal is proper. *Gabrielle v. Allegro Resorts Hotels*, 201 F. Supp. 62, 65-66 (D.R.I. 2002) (holding amount in controversy was satisfied based on the complaint's description of the plaintiff's injuries and medical treatment, despite the lack of any specific information about the cost of such treatment).

12.  The types of damages considered as part of the amount in controversy are those permitted by the state-law cause of action alleged in the Plaintiff's Complaint. *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012); *Gabrielle*, 210 F. Supp. 2d at 65 (holding amount in controversy depends on amount that plaintiff may recover). Here, the Plaintiff's Complaint does not contain an *ad damnum* or claim for any monetary amount. However, she alleges that she sustained personal injuries, suffered pain of the body and mind, incurred expenses for necessary medical care and treatment, suffered a loss of enjoyment of life and suffered a loss of earnings and/or earning capacity. *Exhibit A* at ¶15. Additionally, outside of the Complaint, the Plaintiff has represented that she suffered a fractured hip and right knee injury requiring surgery, and the Defendant has discovered that she incurred over $56,000 in medical expenses in just the first two days after the incident. Therefore, the amount in controversy clearly exceeds $75,000.00.

## VENUE

13. This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of Rhode Island embraces the place (Kent County, Rhode Island) where the state action is now pending and the place (Warwick, Rhode Island) where the Plaintiff's claims and injuries are alleged to have occurred.

## NOTICE OF REMOVAL

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal was filed with the Clerk of the Providence Superior Court and served on counsel of record for the Plaintiff (A copy of the Notice of Removal filed with the Clerk of the Kent Superior Court is attached hereto as *Exhibit C*).

## STATE COURT RECORD

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendant, including the docket sheet and all documents filed in this case, are attached hereto as *Exhibit D*.

WHEREFORE, the Defendant, Target Corporation, requests that this action be removed from the Kent County Superior Court, State of Rhode Island, to the United States District Court for the District of Rhode Island.

                    Respectfully submitted,
                    **THE DEFENDANT,**
                    By its attorneys,

                    /s/ Gino Spinelli
                    Gino Spinelli (#9320)
                    **DAVIDS & COHEN, P.C.**
                    40 Washington Street, Suite 20
                    Wellesley, MA 02481
                    P: (781) 416-5055
                    F: (781) 416-4344
                    gspinelli@davids-cohen.com

Dated: January 11, 2022

## CERTIFICATE OF SERVICE

      I, Gino Spinelli, certify that the above was filed electronically this 11th day of January, 2022. Service copies will be provided to the following counsel of record by the Court's CM/ECF system:

*For the Plaintiff:*
Michael F. Campopiano, Esq.
Daniel P. Connors, Esq.
Law Offices of Michael F. Campopiano, Inc.
21 Douglas Avenue
Providence, RI 02908

                    /s/ Gino Spinelli
                    Gino Spinelli